IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Thomas W. SHAFFER,<br><br>    Plaintiff,<br><br>v.<br><br>FAYETTE COUNTY OF<br>PENNSYLVANIA, et al.,<br><br>    Defendants. | Civil Action No. 14-309 |

**MEMORANDUM OPINION**

## I. Introduction

Plaintiff Thomas W. Shaffer ("plaintiff" or "Shaffer") seeks reconsideration of the court's oral order dismissing with prejudice plaintiff's First Amendment retaliatory firing claim on June 3, 2014. (*See* Hr'g Tr., June 3, 2014, ECF No. 22.) Plaintiff argues that *Lane v. Franks*, 134 S. Ct. 2369 (2014), decided June 19, 2014, constitutes an intervening change in the law governing the First Amendment rights of public employees. As explained below, *Lane* does not alter the law with respect to plaintiff's claim, and plaintiff's motion (ECF No. 20) will be denied.

## II. Standard of Review

The court may grant a motion for reconsideration if the party seeking reconsideration establishes one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion … ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Because of the interest in finality, district courts grant motions for reconsideration sparingly—the parties are not free to relitigate issues the court has already decided. *Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992); *see Williams v. City of Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998).

1

### III. Background

Plaintiff's amended complaint (ECF No. 9) asserted four claims against defendants Fayette County; two Fayette County commissioners in their individual and official capacities, Vince Zapotosky ("Zapotosky") and Al Ambrosini ("Ambrosini"); and Fayette County human resources manager Dominick Carnicella ("Carnicella") in his individual and official capacities (collectively "defendants"). The claims are

1. retaliatory firing in violation of the First Amendment (pursuant to 42 U.S.C. § 1983);

2. reputational damage in violation of the Due Process Clause of the Fourteenth Amendment (pursuant to 42 U.S.C. § 1983);

3. defamation in violation of Pennsylvania law; and

4. sex discrimination in pay rate in violation of the Fair Labor Standards Act, 29 U.S.C. § 206(d).

The relevant facts alleged in the amended complaint are as follows. Shaffer was employed by Fayette County as an assistant public defender. (Am. Compl. ¶ 10.) On June 27, 2013, Shaffer appeared before Magisterial District Judge Ronald Haggerty ("Judge Haggerty"), representing a defendant in his capacity as assistant public defender. On July 2, 2013, Carnicella suspended Shaffer from his assistant public defender position pending an investigation of Shaffer's actions before Judge Haggerty. (*Id.*) On July 16, 2013, Carnicella informed Shaffer that the investigation determined his actions before Judge Haggerty may have violated Fayette County policy. (*Id.* ¶ 11.) Carnicella alleged that Shaffer used "foul, abusive or threatening language or gestures and disrespectful language." (*Id.*) Specifically, Carnicella alleged that Shaffer screamed "I am tired of your crap" at Judge Haggerty, called the judge "corrupt" and "biased toward the prosecution," and said he would report the judge to the judicial review board. (*Id.*) Carnicella notified Shaffer that he could respond to the allegations at a hearing on July 18, 2013. (*Id.*)

At the disciplinary hearing on July 18, 2013, Carnicella admitted that the investigation of the matter consisted of discussing the events of the hearing of June 27, 2013, with Judge Haggerty, two assistant district attorneys, and a police officer. (*Id.* ¶ 13.) Carnicella knew that many other witnesses existed. (*Id.*) Shaffer brought to the disciplinary hearing seven affidavits from witnesses present at the hearing before Judge Haggerty. (*Id.* ¶ 14.) These witnesses stated that Shaffer did nothing wrong. (*Id.*) Shaffer requested additional time to keep the record open and submit additional affidavits. (*Id.* ¶ 15.) The additional time was necessary because Shaffer was not able to access records at the public defender's office and because Shaffer's client at the hearing was transferred to a state correctional institution. (*Id.*) Carnicella agreed to give Shaffer additional time. (*Id.*) On July 29, 2013, before Shaffer submitted additional affidavits or other evidence, Carnicella notified Shaffer that the Fayette County commissioners terminated his employment, effective immediately. (*Id.* ¶ 16.)

Defendants filed a motion to dismiss (ECF No. 11). The court held a hearing on the motion on June 3, 2014. After hearing from the parties, the court granted the motion in part and denied the motion in part.[1] Count 1 was dismissed with prejudice. (Hr'g Tr. 10:2–4, June 3, 2014, ECF No. 22.)

In ruling on count 1, the court relied upon the standards for a First Amendment retaliation claim in *Garcetti v. Ceballos*, 547 U.S. 410 (2006). At the hearing, the court explained that in *Garcetti*

> the Supreme Court stated, "When a citizen enters government service, the citizen by necessity must accept

---

1     The other counts, while not relevant to this motion, were resolved as follows: The official capacity claims in count 2 were dismissed with prejudice. Count 2 was dimssed without prejudice with respect to the individual capacity claims except for the claim against Ambrosini. With respect to count 3, the claims against Fayette County and the individual defendants in their official capacities were dismissed with prejudice. The individual capacity claims in count 3 were dismissed without prejudice. Count 4 was dismissed without prejudice. Plaintiff was granted leave to file a second amended complaint.

certain limitations on his or her freedom." [*Id.* at 418.] The First Amendment protects the statements of public employees "when, (1) in making it the employee spoke as a citizen; (2) the statement involved a matter of public concern; and (3) the government employer did not have 'an adequate justification for treating the employee different from any other member of the general public' as a result of the statement he made." [*Hill v. Borough of Kutztown*, 455 F.3d 225, 241–42 (quoting *Garcetti*, 547 U.S. at 418).]

In *Garcetti* the Supreme Court noted that public employees do not speak as citizens for First Amendment purposes when they make statements pursuant to their official duties. *Garcetti*, 547 U.S. at 421.

Like Shaffer, the plaintiff in *Garcetti*, Richard Ceballos, was a lawyer, a deputy district attorney with some supervisory responsibilities. Pursuant to those job responsibilities, Ceballos reviewed an affidavit that had been submitted with an application for a search warrant. He determined that the affidavit contained inaccuracies and wrote a memorandum recommending dismissal of the case. The prosecution, however, continued and Ceballos was called as a witness for the defense in a hearing challenging the validity of the warrant. The Court rejected the challenge to the warrant and Ceballos claimed he was retaliated against because of his actions with respect to the affidavit.

The Court of Appeals for the Ninth Circuit ruled in favor of Ceballos and found that his memo was First Amendment protected. The Supreme Court reversed because Ceballos's expressions were made pursuant to his duties as a supervisory deputy district attorney and noticed specifically the fact that his duties sometimes required him to speak or write does not mean his supervisors were prohibited from evaluating his performance. If Ceballos's supervisors thought his memo was inflammatory or misguided, they had the authority to take proper corrective action. *Garcetti*, 547 U.S. at [422–23].

Here Mr. Shaffer's speech was made while he was performing his job duties representing a defendant in court and addressing a judge. The Court on the face of the complaint cannot find that the factual allegations are sufficient to classify any of those statements in issue as citizen speech.

> Pursuant to *Garcetti*, Mr. Shaffer's superiors could constitutionally discipline him for what they believed to be inflammatory or misguided rhetoric.
>
> Mr. Shaffer argues strenuously that his speech was a matter of public concern. However, in light of *Garcetti* and *Hill*, because the speech is a matter of public concern doesn't bring it within the ambit of the First Amendment as long as the speech was made pursuant to the Government employee's professional duties.
>
> . . . .
>
> So under the facts as pled, the Court would have to find that this count should be dismissed with prejudice.

(Hr'g Tr. 7:17–10:4, June 3, 2014, ECF No. 22.)

## IV. Discussion

Plaintiff argues that *Lane v. Franks* should alter the court's analysis. *Lane* involved "a public employee who provided truthful sworn testimony, compelled by subpoena, outside the course of his ordinary job responsibilities." *Lane*, 134 S. Ct. 2374–75. *Id.* at 2375. The Supreme Court did not overrule or alter the analysis set forth in *Garcetti* for determining whether speech is protected. *Id.* at 2378. Courts must still distinguish between "employee speech and citizen speech." *Id.* Truthful sworn testimony outside of an employee's job duties is citizen speech for First Amendment purposes. *Id.* The court distinguished the facts in *Lane* from those in *Garcetti*. The Court reiterated that speech the issue in *Garcetti*—the preparation of an internal memorandum by a deputy district attorney for his supervisor pursuant to his job duties—was employee speech, not citizen speech. *Id.* at 2379. "The critical question under *Garcetti* is whether the speech at issue is itself ordinarily within the scope of an employee's duties, not whether it merely concerns those duties." *Id.*

Nothing in *Lane* changes the court's analysis as set forth at the hearing on the motion to dismiss. *Lane* reaffirms the distinction between citizen speech or employee speech set forth in *Garcetti* and relied upon by the court. According to the allegations

5

in the amended complaint, plaintiff was disciplined for his speech before a judge while representing a defendant at a preliminary hearing pursuant to his official duties as a public defender. (*See* Am. Compl. ¶¶ 11, 14, 28(b).)

In his motion for reconsideration, plaintiff asserts for the first time that "the vast majority of the discussion between Magisterial Judge Ronald J. Haggerty and Plaintiff occurred in his chambers and *after* all public defendant cases were over." (Pl.'s Br. 6, ECF No. 21.) Since plaintiff was a part-time public defender, plaintiff argues that this later speech was solely in his capacity as a private attorney, not a public defender. (*Id.*) This is a different claim than what plaintiff asserted in his amended complaint. Accordingly, it does not provide a basis for the court to reconsider its ruling on the amended complaint. The court, based solely upon the few additional facts alleged in the motion for reconsideration, does not have enough information to opine on the viability of a claim that plaintiff was disciplined for speech in his personal capacity. Should defendant wish to raise this issue, he will need to do so in the form of a motion for leave to amend the complaint.

## V.  Conclusion

*Lane v. Franks* did not alter the governing law and does not alter the court's decision to dismiss plaintiff's retaliatory firing claim. Plaintiff has not established another basis for reconsideration. Plaintiff's motion will be denied. An appropriate order will be entered.

Dated: August 15, 2014　　　　　　　　/s/ Joy Flowers Conti
　　　　　　　　　　　　　　　　　　Joy Flowers Conti
　　　　　　　　　　　　　　　　　　Chief United States District Judge

6